(76 South. 285)

EDWARDS et ux. v. ALABAMA PENNY-PRUDENTIAL SAVINGS BANK et al.
(6 Div. 502.)

(Supreme Court of Alabama. June 14, 1917.)

DEEDS &⩵17(1)—CONSIDERATION. ·

The deed of a stockholder and director of a bank, who, when informed by the bank inspector that the bank must have greater assets or suspend business, conveyed his land to the bank, was based on sufficient consideration, and he could not thereafter recover the land, or its value, upon allegations that the president of the bank agreed that, when the bank had sufficient assets, it would in turn make a deed of the land back to the stockholder.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 31, 32.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Bill by P. M. Edwards and wife against the Alabama Penny-Prudential Savings Bank and another. Decree for defendants, and complainants appeal. Affirmed.

Bill by appellants, P. M. Edwards and wife, Posey Edwards, against the Alabama Penny-Prudential Savings Bank, a domestic corporation of the state of Alabama, and the state superintendent of banks, as receiver, in charge of said Alabama Penny-Prudential Savings Bank, seeking to have the respondents reconvey to complainants certain lots deeded by complainants on April 16, 1913, to the Alabama Penny Savings Bank, or, in lieu thereof, that the court order the cancellation of said deed so executed by them on April 16, 1913, and vest title in the complainants. There was also prayer for general relief. The Alabama Penny Savings Bank was, subsequently to the execution of the deed, merged with the Prudential Savings Bank of Birmingham into one corporation under the name of Alabama Penny-Prudential Savings Bank of Birmingham, Ala., and was doing business under that name at the time it failed, and was taken control of by the state superintendent of banks, who is now acting as receiver thereof. The complainants insisted that they executed the deed to the lots with the understanding of one Pettiford, who was at that time president of the bank, that the recited consideration of $1,000 would be repaid to the complainants when the bank.

was financially strong enough, and with sufficient funds to pay the same, and, in case the bank was unable to pay, the bank would reconvey the lots to the grantor, and that the bank never became able to pay the same, but is now being liquidated, and no reconveyance has been made to the complainants. The insistence on the part of respondents is to the effect that the complainant P. M. Edwards was a stockholder and one of the directors of said bank, and had been a stockholder and director of the Alabama Penny Savings Bank for a number of years prior to its merger with the Prudential Savings Bank, and that the capital or assets, prior to April 16, 1913, of the Alabama Penny Savings Bank had become so impaired that the superintendent of banks made demand upon the bank that its assets be increased, and that unless such deficit was taken care of by the officers or stockholders of the bank that he would take charge of the institution for the purpose of liquidation, whereupon said officers and stockholders of said bank, including complainant, paid sums of money and executed deeds to various parcels of real estate, so as to increase the assets of the bank to an amount sufficient to authorize it to continue to do business; and it is the insistence of respondents that such transactions or contributions or donations by these stockholders and directors were made in order to comply with the demand of the state superintendent of banks, and thus continue the bank as a going concern. The court below denied complainants the relief prayed for, and from this decree they prosecute this appeal.

P. J. Clyde Randall, of Birmingham, for appellants. C. C. Nesmith and C. A. Avant, both of Birmingham, for appellees.

GARDNER, J. The foregoing statement of the case suffices as a general outline of the issue of facts presented upon the trial of this cause. Complainant P. M. Edwards had, for a number of years prior to April 16, 1913, been a stockholder and director of the Alabama Penny Savings Bank of Birmingham, and continued as such director until after its consolidation with the Prudential Savings Bank, which was subsequent to April 16, 1913, and was a stockholder and director in the consolidated bank at the time it was taken over by the state superintendent of banks in December 1915. Subsequent to April 16, 1913, said P. M. Edwards, as a stockholder, participated in a dividend of 6 per cent. paid by the bank. A short time prior to April 16, 1913, the Alabama Penny Savings Bank, "a going concern," with a branch bank at Selma, Ala., suffered a shortage in its assets, growing out of a defalcation which occurred in the branch bank at Selma, and in the opinion of the superintendent of banks it thus became necessary that the Alabama Penny Savings Bank repair this deficit. The superintendent of banks notified the president, one Pettiford, to the effect that the capital or assets of the bank had become so impaired that, unless this deficit was made up, he would have to take charge of the bank for the purpose of liquidation. In obedience to this notification the president, Pettiford, called a meeting of the directors, and laid these facts before them. The directors agreed among themselves to make good this deficit, and pursuant to that purpose conveyed property to the bank, some paying in cash. P. M. Edwards, as one of the directors conveyed the lots here in question to the bank. The bank continued to do business, afterwards being merged with the Prudential Savings Bank, as previously stated, until, in 1915, the consolidated bank was taken over by the state banking department for liquidation, and the proof tends to show that the assets of the bank are not sufficient to pay off the depositors.

The foregoing facts are practically without dispute, but the complainant P. M. Edwards insists that he made his deed with the condition that he was to be paid by the bank $1,000 therefor if the bank became financially able to pay the same, or, if not, that the lots would be to him reconveyed. The evidence showed that, while the question of making good this deficit was being considered at a meeting of the board of directors, the regular attorney for the bank, E. A. Brown, was called in, and his advice sought as to whether or not the directors, in making good this shortage, could bind the bank for the reimbursement, or, failing to be reimbursed, a reconveyance of the property to them should be made. Brown advised them that they had a right to donate the property to make good the shortage, but they could not legally make any agreement for a return of the same, either in cash or by a reconveyance. We are persuaded from the evidence that complainant P. M. Edwards was present at that meeting, and that he, together with the other contributing directors, understood the situation, and, so understanding it, executed the deed which he now seeks to have canceled. It may be, and doubtless is, true that all of these contributing directors, including complainant, had great confidence in Pettiford, president of the bank (who, it seems, has subsequently died, and believed that by making good this shortage the bank could continue as a going concern, and be made a profitable business, and, further, that collections might be made upon the bond of the defaulting officer in the branch bank at Selma, and thus, some time in the future, they might get reimbursement.

We are persuaded, however, that it was understood that the conveyance of the property and the payment of the money was to be without any binding conditions on the part of the bank. The superintendent of banks had made demand as authorized by section 9, p. 50, Acts 1911, that the impairment of

the capital or assets of the bank be remedied, and the deficiency made good. The property was conveyed and the money paid for the purpose of complying with this demand, in order to prevent the liquidation of the affairs of the bank, and to keep it a going concern. If the property were conveyed with the binding obligation on the part of the bank to pay to this complainant $1,000 or a reconveyance of the property, and like binding obligation to the other contributing directors, then indeed the entire transaction was useless for the purpose for which it was entered into, for by such means the shortage would by no means be made good, and the impairment of the assets of the bank would remain unchanged. An analogous situation was presented in the case of Wright v. Gurley, 133 La. 745, 63 South. 310, wherein the Supreme Court of Louisiana, discussing the question, said:

"But, while the plaintiffs thus allege that it was their 'expectation and understanding' that the amount thus placed by them to the credit of the bank would be returned to them, they cannot and do not deny that the thing required by the state bank examiner to be done, and which they proposed doing by the said deposit of their money, was to increase the assets of the bank by that much, without increasing its liabilities in the slightest degree, in any way, shape, or form. * * * The contribution, coupled with a condition of any kind, would not have answered the purpose."

That court also in a subsequent case (Interstate Trust & Banking Co. v. Irwin, 138 La. 325, 70 South. 313), discussing the same question, used the following language:

"The act of the defendant and other directors, discounting their promissory note and placing the proceeds to the credit of the People's Bank & Trust Company, was a donation to the bank. It is one of the methods by which the directors are permitted to make good an impairment of the capital stock of a bank, under the provisions of section 17 of Act No. 179 of 1902. See Kennedy v. Young, State Bank Examiner, 136 La. 674, 67 South. 547, L. R. A. 1915D, 935. In such case, the contribution must be regarded as a gift by the individual directors to the bank, because, if the bank incurred an obligation to return the amount that was contributed to make good the impairment of its capital stock, there would be no improvement in the condition of the bank. See Wright et al. v. Gurley, 133 La. 746, 63 South. 310. The defendant and other directors of the People's Bank & Trust Company had a substantial interest in trying to save the bank from failure. This and their natural obligation to make good the impairment of its capital stock was deemed by them a sufficient consideration for signing and issuing the note."

Complainant was, and had been for a long number of years, a stockholder and director in the bank, and subsequent to the execution of the deed participated in a dividend paid by the bank. He was interested in the welfare and success of this institution, and we are of the opinion that he executed the deed as his part of the contribution or donation, along with the other directors, to make good the shortage in the assets of the bank, and the transaction rests upon sufficient consideration to bind the complainant, and that the deed was made unconditionally.

We therefore conclude that the court below properly denied the relief sought. It seems not to have been contended on the part of complainant that there was any writing evidencing the transaction, further than the deed executed; but no mention of this fact is found in any of the pleadings of the cause, nor is any reference made to the statute of frauds, by counsel for appellee. Counsel for appellee has not questioned the equity of the bill, or the right of complainant to recover, if his theory of the case be accepted, but have treated the case solely upon the question of facts as here discussed. In view of these facts, we have treated the case likewise, and have given no consideration to the question of equity of the bill or the right of complainant to relief, accepting his theory as correct, as the result reached disposes of the cause without regard to those questions. We do not, therefore, commit ourselves to the equity of the bill or the right of complainant to relief in any event, but expressly leave the same without consideration and undetermined.

Upon the issues of fact presented we have concluded that complainant is not entitled to relief, and the decree of the court below, dismissing the bill, will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.